*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0151p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

     *Plaintiff-Appellant,*

     *v.*

No. 05-2525

JOE LOUIS MCINTOSH,

     *Defendant-Appellee.*

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00022—Richard A. Enslen, District Judge.

Argued: March 14, 2007

Decided and Filed: May 1, 2007

Before: MARTIN and CLAY, Circuit Judges; POLSTER, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Andrew B. Birge, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellant. Scott Graham, HOWARD & HOWARD, Kalamazoo, Michigan, for Appellee. **ON BRIEF:** John F. Salan, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellant. Scott Graham, HOWARD & HOWARD, Kalamazoo, Michigan, for Appellee.

---

**OPINION**

---

     BOYCE F. MARTIN, JR., Circuit Judge. Defendant Joe Louis McIntosh pled guilty to being a felon in possession of a firearm and possession with intent to distribute five grams or more of cocaine base. The latter count carried a statutory minimum of sixty months' imprisonment. The district court sentenced McIntosh to thirty months. The government now appeals, claiming that the plea agreement did not authorize the district court to depart below the statutory minimum. For the reasons below, we hold that the plea agreement authorized this sentence. Therefore, the judgment of the district court is **AFFIRMED**.

---

[*] The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

On August 6, 2002, officers from the Grand Rapids Police Department, acting on a search warrant issued by a state judge, searched the residence of Joe Louis McIntosh. While inside, the officers discovered approximately twenty-six grams of crack cocaine in the living room and two loaded handguns in the bedroom, one of which was stolen. McIntosh, who was carrying $3,159 in cash, made several incriminating statements during and subsequent to the search.

The case was referred to federal authorities under the Project Safe Neighborhoods program, and on January 30, 2003, McIntosh was charged with two counts: felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).[1] McIntosh filed a motion to suppress the evidence seized at his house, which was granted by the district court on April 7, 2003. On August 30, 2004, this Court reversed the district court's suppression order. *United States v. McIntosh*, 109 F. App'x. 65 (6th Cir. 2004). McIntosh filed another motion to suppress, which was denied by the district court.

On June 30, 2005, McIntosh pled guilty to both counts in the indictment. According to the plea agreement, in exchange for his promise to provide information to investigators, the government agreed to consider filing a motion for reduction of sentence under U.S.S.G. § 5K1.1 and Fed. R. Crim. P. 35(b). The plea agreement further provided that

> the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court has *complete discretion to determine how much of a sentence reduction the Defendant will receive* based upon the nature and extent of the Defendant's assistance.

Plea Agreement, par. 11 (emphasis added). At the plea hearing, the following exchange took place:

> THE COURT: Now, Congress now says I don't have to follow these mandatory guidelines, but unless there is a bargain in here that I haven't yet seen, I would have to follow a five year mandatory minimum sentence. Is there something in [the] plea agreement that takes that away?
>
> [ASSISTANT UNITED STATES ATTORNEY (AUSA)]: There is an agreement, Your Honor, to file a cooperation downward departure.
>
> THE COURT: You could avoid the mandatory five years is what he's saying. . . .

Plea Hearing Transcript at 12. The AUSA voiced no objection to the district judge's conclusion that the plea agreement allowed him to depart below the statutory minimum in addition to referencing the agreed-upon downward departure. Shortly after this exchange, the district judge told the defendant: "Paragraph 9 [referring to defendant's cooperation with law enforcement] is an important paragraph because it's a preceding paragraph to you being able to avoid the mandatory five year punishment." *Id.* at 17. Once again, the AUSA did not object to this conclusion.

On September 28, 2005, the government filed a downward departure motion pursuant to § 5K1.1 requesting a one-level reduction in sentence. At the October 19, 2005, sentencing hearing, the district judge employed a three-step process in an effort to comply with *United States v. Booker*, 543 U.S. 220 (2005) . First, he determined the applicable Guidelines range, which was 100 to 125

---

[1] 21 U.S.C. § 841(b)(1)(B)(iii) provides for a mandatory minimum five-year (sixty-month) sentence.

months (based on an adjusted offense level of 27 and a Criminal History Category of IV).[2]  The district judge then noted the government's § 5K1.1 motion for a one-level reduction.  He considered McIntosh's character and evaluated the extent of McIntosh's assistance and his criminal responsibility relative to that of his drug supplier, ultimately coming to the conclusion that McIntosh actually deserved a three-level reduction.  This gave McIntosh an offense level of 24, which, when paired with a Criminal History Category of IV, resulted in an advisory Guidelines range of seventy-seven to ninety-six months.  After this calculation, the district judge turned to the sentencing factors under § 3553(a).  In noting the disparity between sentencing for possession of cocaine base versus powder cocaine, he stated that he "believe[d] the scoring of cocaine base is too harsh and results typically in too punitive of sentence considering the statutory purpose of sentencing."  The district judge found that a Criminal History Category of IV was too punitive given McIntosh's past.  Concluding that McIntosh "will use this conviction as an opportunity to turn a corner in his life and reform his future conduct," he chose to adopt an offense level and Criminal History Category of 18 and II, respectively.  This resulted in a Guidelines range of thirty to thirty-seven months.  He sentenced McIntosh to thirty months' imprisonment and four years of supervised release.  *Id.*  Upon objection by the AUSA[3] for departing below the statutory minimum, the district judge stated that he believed such a departure was within the scope of his authority, and informed the AUSA that he could appeal the sentence if he so desired.

The government filed this timely appeal.  The only question presented here is whether the plea agreement permitted the district court to depart below the five-year mandatory minimum sentence authorized by 21 U.S.C. § 841(b)(1)(B)(iii).  In order to answer this question, we must determine whether the government—by its actions or omissions—consented to such a departure.  We review the district court's interpretation of the Sentencing Guidelines and a federal statute *de novo*.  *United States v. Palacios-Suarez*, 418 F.3d 692, 694 (6th Cir. 2005).

## II.

### A.

A court may not depart below the statutory minimum unless the government moves for such a departure under either 18 U.S.C. §§ 3553(e) or 3553(f).  *Melendez v. United States*, 518 U.S. 120, 125-26 (1996).  These are the exclusive means by which a court may depart below the statutory minimum.  *United States v. Stewart*, 306 F.3d 295, 331 n.21 (6th Cir. 2002).  Section 3553(e) provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  Section 3553(f), the so-called "safety valve" provision, is not applicable if the defendant has more than one criminal history point, rendering it unhelpful to McIntosh.  18 U.S.C. § 3553(f)(1); *United States v. Penn*, 282 F.3d 879, 881 (6th Cir. 2002).

Downward departures may also be granted pursuant to U.S.S.G. § 5K1.1, which provides, in pertinent part: "[u]pon motion of the government stating that the defendant has provided

---

[2]The calculation contained in the presentencing report in order to reach this sentence is as follows: McIntosh first received a base offense level of 28 for possession of cocaine base in violation of 21 U.S.C. § 841(a).  Pursuant to U.S.S.G. § 2D1.1(b)(1) of the 2004 Sentencing Guidelines, two levels were added for possession of the two firearms, resulting in an adjusted offense level of 30.  This offense level served as the controlling guideline because it was higher than the adjusted offense level for the § 922(g)(1) violation (which was 26).  McIntosh then received a three-level reduction for acceptance of responsibility, bringing him down to an adjusted offense level of 27.  When paired with a Criminal History Category of IV, this resulted in the applicable 100- to 125-month Guidelines range.

[3]This was a different AUSA than was present at the plea hearing.

substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." As the Supreme Court has explained, however, a departure motion made specifically under § 5K1.1 does not authorize a departure below the statutory minimum. *Melendez*, 518 U.S. at 124. Thus, given the inapplicability of § 3553(f) in this case, the sole means by which the district court could have given McIntosh a sentence below the statutory minimum is if the government moved for a § 3553(e) departure.[4] Importantly, the *Melendez* Court made clear that it "[did] not mean to imply . . . that specific language (such as that quoted in text) or, on the other hand, an express reference to § 3553(e) is necessarily required before a court may depart below the statutory minimum." 518 U.S. at 126 n.5. "But the Government must in some way indicate its desire or consent that the court depart below the statutory minimum before the court may do so." *Id*.

### B.

At the plea hearing, the government failed to object to the district judge's finding that he could impose a sentence below the statutory minimum. Therefore, we review the district court's decision to depart below the statutory minimum for plain error. *See United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). "A 'plain error' is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court." *Id*. We generally "correct a plain forfeited error that affects substantial rights only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal citations, quotation marks, and punctuation omitted).

Here, we do not even get past the first step of plain error review, as we find that no error occurred, "plain or otherwise." *United States v. Hynes*, 467 F.3d 951, 957 (6th Cir. 2006). First, as noted above, the plea agreement stated that the district judge had "complete discretion" to determine the extent of the downward departure. Short of actually citing to § 3553(e)—which *Melendez* does not require—we cannot imagine how much more explicit the government could have been in consenting to a below-statutory minimum sentence than by giving the district court "complete discretion" in determining the appropriate reduction in sentence.

Notwithstanding this potent language, the government contends that the phrase "complete discretion" must be read within the confines of § 5K1.1, which, as noted above, does not give a district court the discretion to depart below the statutory minimum. At best, this presents us with an ambiguity, and any ambiguities in a plea agreement must be construed against the government. *United States v. Randolph*, 230 F.3d 243, 248 (6th Cir. 2000).[5] Admittedly, the government's argument has some merit, as paragraph 11 of the plea agreement references § 5K1.1, but not § 3553(e). But even if we were to accept this argument, it would not change our result. After all, we cannot view the plea agreement in a vacuum. Rather, in order to determine the scope of the whole agreement, we must also consider the plea hearing transcript. *See City of New York v.*

---

[4] We briefly point out that McIntosh points out that "[t]he plea agreement referenced Section 5K1.1 and Rule 35(b) together," and contends that "[s]ince Rule 35(b) authorizes imposition of a sentence below a statutory minimum, the Court was authorized to impose the lower sentence." However, Rule 35(b)—which authorizes below-statutory minimum departures based on a defendant's substantial assistance—is only applicable to resentencing after the original sentencing. *See United States v. Bureau*, 52 F.3d 584, 594 (6th Cir. 1995) (noting the "temporal difference" between § 5K1.1, which applies at the original sentencing, and Rule 35(b), which applies after a sentence has been imposed). Because this is the first time McIntosh is being sentenced for this offense, we need not consider Rule 35(b) in our analysis.

[5] It is perhaps worth noting that in *Melendez*, the petitioner contended his plea agreement was ambiguous with respect to whether the government was required to move the district court to depart below the statutory minimum. Because this argument was not raised until the petitioner's reply brief, however, the Supreme Court declined to address it. 518 U.S. at 125 n.2.

*Liberman*, No. 85 Civ. 4958, 1988 WL 7788, \*7 (S.D.N.Y. Jan. 25, 1988); *cf. Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that in order to determine the character of the crime to which a defendant has pled guilty in a prior proceeding, the later court may look to sources such as the transcript of plea colloquy).

As already explained, the government failed to object at the plea hearing when the district judge stated that it was within his discretion to depart below the statutory minimum and confirmed the presence of the agreement. Although the government objected at the sentencing hearing, this objection came too late. When McIntosh pled guilty at the plea hearing, he did so while under the impression that he would be eligible for a below-statutory minimum sentence. To hold otherwise would bind McIntosh to a plea that was not knowingly and voluntarily made. *See Brady v. United States*, 397 U.S. 742, 748 (1970) (holding that a defendant must have "sufficient awareness of the relevant circumstances and likely consequences" of his guilty plea). From McIntosh's perspective, there was no question in his mind that under the terms of his plea agreement, he would be eligible for a sentence under five years, should the district judge choose to impose one. *See United States v. Stubbs*, 279 F.3d 402, 412 (6th Cir. 2002) ("[I]t is reasonably probable that but for the misinformation as to Defendant's proper statutory sentence, Defendant would not have pleaded guilty."), *overruled on other grounds by Harris v. United States*, 536 U.S. 545, 558-60 (2002).

To be sure, nowhere in the plea agreement, plea hearing transcript, or downward departure motion is there a cite to § 3553(e) or a quote from its text. But *Melendez* does not require such specificity. Had the government objected at the plea hearing when the district judge stated that he had the discretion to depart below the statutory minimum, our result might be different. But as evidenced by his statements, the district judge obviously read the plea agreement to give him the discretion to impose a sentence below the statutory minimum, and the government did not contest this interpretation. Because the district judge's conclusion that he could depart below the statutory minimum became part of the plea agreement, to which the government was a party, the government is now estopped from arguing that the district court erred. The contents of the plea agreement and plea hearing compel us to find that "the Government . . . indicate[d] its desire or consent that the court depart below the statutory minimum." *Melendez*, 518 U.S. at 126 n.5.

For the reasons above, we **AFFIRM** McIntosh's sentence.